UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

WENCESLAO CETRE,

    Plaintiff,

v.                                  CASE NO:  8:05-cv-2344-T-26MAP
                                                    8:01-cr-423-T-26MAP

United States of America,

    Defendant.
_____/

## O R D E R

The Court has for its consideration Plaintiff's Motion to Vacate and supporting Memorandum of Law filed pursuant to 28 U.S.C. § 2255.  The Court has undertaken a prompt preliminary review of the motion and memorandum, as well as the record of the proceedings in the underlying criminal case,[1] as required by Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts.  After doing so, the Court concludes that the motion is due to be summarily dismissed without an evidentiary hearing because it plainly appears from the face of the motion and memorandum and the record of the prior criminal proceedings that Plaintiff is entitled to no relief.  Consequently, the Court needs no response from Defendant.

Plaintiff, along with five other codefendants, was indicted by a federal grand jury for the offenses of conspiracy to distribute more than five kilograms of cocaine while on board a vessel subject to the jurisdiction of the United States (count one) and possession with intent to distribute

---

[1] See case number 8:01-cr-423-T-26MAP.

more than five kilograms of cocaine while on board a vessel subject to the jurisdiction of the United States (count two).[2] Following a jury trial at which he was the sole defendant,[3] Plaintiff was convicted on both counts.[4] The Court subsequently sentenced him to concurrent sentences of life imprisonment as to both counts.[5] The Eleventh Circuit Court of Appeals affirmed Plaintiff's convictions and sentences in an unpublished opinion.[6] He now seeks collateral relief under the auspices of § 2255 raising multiple grounds, none of which have merit.

The Court's task in evaluating each of Plaintiff's claims has not been an easy one given Plaintiff's rambling and disjointed submissions which raise overlapping claims. For example, the claims presented in grounds two, three, five, and eight all relate in one way or another to the power of Congress to criminalize drug ventures occurring on the high seas through the enactment of Title 46 Appendix, United States Code, Section 1903. All of these contentions were put to rest and decided adversely to Plaintiff by the Eleventh Circuit in United States v. Tinoco, 304 F. 3d 1088 (11th Cir. 2002), cert. denied, 123 S. Ct. 1484 (2003); accord United States v. Rendon, 354 F. 3d 1320 (11th Cir. 2003). Moreover, because the Eleventh Circuit addressed and dispose

---

[2] See id., docket 38.

[3] See id., dockets 170 & 171.

[4] See id., docket 112.

[5] See id., dockets 138, 139 & 172.

[6] See id., docket 196.

of these issues on Plaintiff's direct appeal, this Court is not required to reconsider them in a section 2255 proceeding. See United States v. Nyhuis, 211 F. 3d 1340, 1343 (11th Cir. 2000).[7]

With respect to the issues raised in grounds one, four, six, and seven, they present issues which could have been raised on direct appeal. Hence, because Plaintiff has failed to establish cause and prejudice, these issues are procedurally defaulted and cannot be considered in a section 2255 proceeding. See Mills v. United States, 36 F. 3d 1052, 1055 (11th Cir. 1994). Furthermore, with regard to the claim set forth in ground four - a violation of the Vienna Convention - Plaintiff has failed to demonstrate how such a violation affected the outcome of his trial. See Darby v. Hawk-Sawyer, 405 F. 3d 942, 946 (11th Cir. 2005); cf. United States v. Duarte-Acero, 296 F. 3d 1277, 1282 (11th Cir. 2002) (holding that a violation "of the Vienna Convention on Consular Relations does not warrant dismissal of an indictment.").

Plaintiff's final contention in ground nine is that trial and appellate counsel were somehow ineffective in their representation of him at trial and on appeal. With regard to trial counsel, Plaintiff complains that he should have objected to the imposition of two concurrent life sentences. Such an objection would have been futile because such a sentencing scheme was obviously authorized by the relevant statute and the sentencing guidelines. Plaintiff also alleges that trial counsel was derelict in not contacting the Columbian consul in Atlanta, Georgia, because if he had done so there was a reasonable probability that the consul would have provided pretrial and trial assistance through an international defense. Plaintiff fails, however, to offer any specifics in terms of what assistance the Columbian consul would have in fact provided and how

---

[7] The Court notes that Plaintiff concedes that the claims raised in grounds two, three, and five may have been "embedded" or were an "aspect" of issues raised on direct appeal.

such assistance would have affected the outcome of his trial or the sentence imposed. Consequently, this claim must also fail. See Darby, 405 F. 3d at 946 (observing that even assuming the right of a defendant to consular assistance following arrest under the Vienna Convention, the defendant must demonstrate the alleged violation had a prejudicial effect on his trial). Plaintiff's final complaint as to trial counsel's representation is that he failed to argue the lack of "mens rea" and failed to object to improper argument of Government counsel to the effect that the jury could discount a co-defendant's testimony because the Government had an "airtight" case. The Court has carefully reviewed the final arguments of both Plaintiff's trial counsel and Government counsel and finds nothing ineffective about the former and nothing improper about the latter to which an objection would have been sustained.[8]

With respect to appellate counsel, Plaintiff asserts ineffectiveness in two specific areas: (1) failure to raise the inadequacy of evidence at trial to sustain a conviction and (2) failure to raise the Columbian Counsel - International issue. In light of the Court's independent review of the trial transcripts which reveals more than compelling evidence of Plaintiff's guilt beyond a reasonable doubt, even without consideration of the testimony of the cooperating co-defendant,[9] and in light of the Eleventh Circuit's precedent in Duarte-Acero which "supports the idea that the Vienna Convention does not confer judicially enforceable *individual rights* [,]" Maharaj v. Secretary for the Department of Corrections, 2005 WL 3435506 *10 (11th Cir. Dec. 15, 2005) (emphasis in original), such claims would have been soundly rejected by the Eleventh Circuit. Hence, Plaintiff has failed to satisfy the second prong of Strickland v. Washington, 466 U.S. 668,

---

[8] See case number 8:01-cr-423-T-26MAP, docket 171, pages 54-72.

[9] See id., dockets 170 & 171.

693-94, 104 S. Ct. 2052, 2067-68, 80 L. Ed. 2d 674 (1984), in that he has not demonstrated that appellate counsel's claimed substandard performance prejudiced Plaintiff's rights to the extent that there is a reasonable probability that but for appellate counsel's unprofessional errors the outcome of the appellate proceedings would have been different.

Accordingly, for the reasons expressed, it is ordered and adjudged as follows:

1) Plaintiff's Motion to Vacate (Dkt. 1) is dismissed.

2) The Clerk is directed to enter judgment for Defendant and to close this case.

3) The Clerk is also directed to terminate the motion to vacate found at docket 203 in the underlying criminal case, case number 8:01-cr-423-T-26MAP.

**DONE AND ORDERED** at Tampa, Florida, on December 23, 2005.

RICHARD A. LAZZARA
**UNITED STATES DISTRICT JUDGE**

<u>COPIES FURNISHED TO</u>:
Counsel of Record